IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACKSON NATIONAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. _____ |
| CYNTHIA MEDLINE POOLE, JERE POOLE COWAN, CHARLES A. POOLE, Jr., and FORETHOUGHT CAPITAL FUNDING, INC., | ) ) ) ) ) ) |
| Claimants. | ) |

## COMPLAINT FOR INTERPLEADER

Comes now Plaintiff Jackson National Life Insurance Company, by and through counsel, and pursuant to 28 U.S.C. § 1335, hereby interpleads proceeds from a life insurance policy into the Court and requests that the Court determine the ownership of the policy proceeds.

## PARTIES

1. Plaintiff stakeholder Jackson National Life Insurance Company ("Jackson") is a Michigan corporation with its principal place of business located at 1 Corporate Way, Lansing, Michigan 48951.

2. Cynthia Medline Poole is a resident of Rutherford County, Tennessee, and resides at 1114 Stratus Drive, Murfreesboro, Tennessee 37217.

3. Jere Poole Cowan is a resident of Sumner County, Tennessee, and resides at 439 Jones Lane, Hendersonville, Tennessee 37075.

4. Charles A. Poole, Jr. is a resident of Sumner County, Tennessee and resides at 1049 N. Sugartree Lane, Gallatin, Tennessee 37066.

5. Forethought Capital Funding, Inc. is an Indiana corporation with its principal place of business located at One Forethought Center, Batesville, Indiana 47006. It can be served through it director, Josh Stangl, at One Forethought Center, Batesville, Indiana 47006.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332 and 1335 in that the adverse claimants reside within the Middle District of Tennessee, the stakeholder Plaintiff Jackson is a Michigan corporation, the amount of money in dispute is greater than $500, and the stakeholder plaintiff has paid the amount into the registry of the court.

7. Venue is proper pursuant to 28 U.S.C. §§ 1397 in that the adverse claimants reside within the Middle District of Tennessee.

## FACTS

8. On or about July 28, 1996, Jackson issued life insurance policy #0025782420 (the "Policy"), insuring the life of Charles A. Poole, Sr. (the "Decedent"), according to certain terms and conditions set forth in the policy. The Decedent was the owner of the policy and designated his then-wife Mary Lou Poole a primary beneficiary, to receive 34% of the policy proceeds and his children Charles A. Poole, Jr. and Jere P. Cowan primary beneficiaries, each to receive 33% of the policy proceeds.

9. On or about November 17, 2000, Jackson received a request for beneficiary change designating his children, Charles A. Poole, Jr. and Jere Poole Cowan, each as 50% primary beneficiaries of the Policy. A copy of that beneficiary change request is attached as Exhibit A.

2

10. On or about October 5, 2009, Jackson received a beneficiary change form purporting to name the Decedent's wife, Cynthia Medline Poole, as the 100% irrevocable primary beneficiary of the Policy. A copy of that beneficiary change request is attached as Exhibit B.

11. The Decedent died on August 3, 2014. At the time of his death he was a resident of Rutherford County, Tennessee. A copy of his Death Certificate is attached as Exhibit C.

12. The value of the Policy at the time of the Decedent's death was $100,000.00

13. On or about August 5, 2014, the Decedent's spouse, Cynthia Medlin Poole, submitted to Jackson a claim for benefits under the Policy. A copy of that claim form is attached as Exhibit D.

14. Jackson has received written notice in which it is alleged that on or about August 5, 2014, Cynthia Medlin Poole made an irrevocable assignment of a portion of the proceeds of the Policy to Forethought Capital Funding. A copy of that assignment is attached as Exhibit E.

15. On or about August 25, 2014, Jackson received correspondence from Jere Poole Cowan, via fax and email, stating that she is the daughter of the Decedent, and that she disputed the claim made by Cynthia Medlin Poole, alleging coercion and fraud in connection with the beneficiary change. A copy of that correspondence is attached as Exhibit F.

16. Jackson is a disinterested stakeholder with no claim to the Policy proceeds at issue.

17. Jackson is unable to determine which party is entitled to the death benefit, and due to the adverse claims for the benefits under the Policy, it is exposed to the risk of multiple liability.

18. Contemporaneously with this filing, Jackson has moved to pay the full amount of the Policy into the registry of the Court pursuant to 28 U.S.C. § 1335(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Jackson National Life Insurance Company, by and through counsel, requests that the Court:

1. Issue process for all claimants pursuant to 28 U.S.C. § 2361;

2. Issue an Order that the Clerk of Court take into its possession the proceeds of the Decedent's Policy and hold these funds until the proper beneficiary can be determined;

3. Discharge Jackson from this suit and relieve it of any and all liability under the Policy;

4. Grant stakeholder Jackson its costs and attorneys' fees associated with this action; and

5. Grant Jackson such other and further relief as may be found appropriate by the Court.

Respectfully submitted,

*[signature]*

Daniel P. Berexa (#15158)
Peter C. Robison (#027498)
CORNELIUS & COLLINS, LLP
Nashville City Center, Suite 1500
511 Union Street
P.O. Box 190695
Nashville, TN 37219-0695

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been sent via Certified U.S. Mail, postage prepaid, on September 29, 2014, to the following recipients:

> Cynthia Medlin Poole
> 114 Stratus Dr.
> Murfreesboro, TN 37217
>
> Jere Poole Cowan
> 439 Jones Ln.
> Hendersonville, TN 37075
>
> Charles A. Poole, Jr.
> 1049 N. Sugartree Lane,
> Gallatin, Tennessee 37066
>
> Josh Sangl, Director
> Forethought Capital Funding
> 1 Forethought Center
> Batesville, TN 47006

_____
Peter C. Robison